IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                                             ORDER

                  Plaintiff,

                                                                                                        10-cr-84-bbc

      v.

MICHAEL GEORGE,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Michael George has filed a petition to file a late motion under 28 U.S.C. § 2255, contending that his court-appointed counsel failed to file an appeal of his sentence although defendant had asked him to do so following his sentencing on November 3, 2010. He states that he did not find out until a year later that his appeal had not been filed and therefore missed the deadline to file a timely § 2255 petition.

      Section 2255 has only limited opportunities for extending the time for filing. The statute allows a year for filing, with the year starting to run from the latest of (1) the date on which the defendant's conviction becomes final; (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal

one created by government action and one that actually prevented the defendant from filing his motion; (3) the date on which the right asserted was recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and made retroactively applicable to cases on collateral review; or (4) the date on which the defendant could have discovered the facts supporting his claims through the exercise of due diligence.

Defendant was sentenced on November 2, 2010. His one-year period for filing expired one year and ten days afterwards. (The filing period began to run at the end of the ten-day period in which he could have taken a direct appeal under Fed. R. App. P. 4(b)(1)(A)(i).) Therefore, defendant had until November 12, 2011, in which to file a § 2255 motion. Since he missed that deadline, he is barred from filing unless he can show that despite his best efforts, he was unable to find out that his counsel had not filed an appeal any earlier than March 13, 2012. If he can make that showing, his § 2255 motion will be considered timely.

It is defendant's job to show that he could not have filed his motion any sooner, even with the exercise of due diligence. Montenegro v. United States, 248 F.3d 585, 590-93 (7th Cir. 2001). I cannot tell from defendant's statement what specific steps he took to find out the status of his appeal, such as writing the court to ask whether an appeal had been filed. It is questionable whether defendant can make the necessary showing. He says that he found out a "year later" that his lawyer did not file an appeal on his behalf. If he means a

2

year after his sentencing, that would have been in November 2011, yet he did not file any motion until March of 2013.

Nevertheless, I will give defendant an opportunity to show why his motion was filed so late. At the same time, he should explain to the court how he can show either that he had good reasons for appealing, that is reasons that were not legally frivolous, or that he reasonably demonstrated to his counsel that he was interested in appealing. <u>Bednarski v. United States</u>, 481 F.3d 530, 536 (2007) (citing <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 479-80 (2000).

ORDER

IT IS ORDERED that defendant Michael George may have until April 30, 2013, in which to submit an affidavit setting forth the specific facts about what he said to his trial lawyer about appealing his conviction, the efforts he made to learn the status of his appeal from his conviction and why he could not have learned earlier than March 2012 that his trial lawyer never filed an appeal on his behalf, however hard he might have tried, and what

3

claim he wishes to raise on appeal.

Entered this 25th day of March, 2013.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge